# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FOURTH CIRCUIT

STEPHEN E. BILENKY,
ADMINISTRATOR OF THE ESTATE
OF FRANK S. WRIGHT, DECEASED,

  Plaintiff-Appellee,                              Case No. 15-1753

v.

RYOBI TECHNOLOGIES, INC.,            **ELECTRONICALLY FILED**

  Defendant-Appellant.

## RYOBI TECHNOLOGIES, INC.'S MOTION FOR EXTENSION OF BRIEFING SCHEDULE PER LOCAL RULE 33

Appellant Ryobi Technologies, Inc., pursuant to Local Rule 33, moves for an extension of the current briefing schedule on the following grounds:

    1.    On July 28, 2015, the Court set a briefing schedule, making Ryobi Technologies' opening brief due on September 8, 2015. (ECF No. 15.)

    2.    On July 31, 2015, the Court scheduled an initial mediation conference for August 14, 2015, which the parties attended with Circuit Mediator Cynthia Mabry-King. (ECF No. 17.)

    3.    Based on the initial mediation conference, the mediator has scheduled a second mediation conference with the parties to be held on September 8, 2015. That date was chosen, in part, due to the fact that counsel for appellant Ryobi

1

Technologies had a pre-planned, out-of-country family vacation from August 23 to September 3, 2015.

4.  In light of the fact that the second mediation conference is scheduled for the same date on which the appellant's opening brief would be due, Ryobi Technologies requested an extension of the briefing schedule to accommodate the ongoing mediation discussions and to achieve the aims of the mediation program. Specifically, it requested an extension of 21 days, thereby extending the deadline for the opening brief from September 8 to September 29, 2015.

5.  The appellee agreed to an extension in principle, but responded that he would only agree to extend the opening-brief deadline by 10 days. The plaintiff has also rejected any further compromise and will not agree to any extension beyond 10 days.

6.  Local Rule 33 provides that a "party may move to extend the briefing schedule" if the parties are "engaged in settlement discussions."

7.  The Court's "Frequently Asked Questions" on its web page explain that, in "rare cases where a party objects, the mediator may extend the briefing schedule or direct the parties to file a motion for extension with the court if the mediator determines the extension would be helpful to the aims of the program."

2

8. Ryobi Technologies respectfully submits that the Court should grant its requested 21-day extension, despite the appellee's objection, for several reasons.

9. First, an extension is appropriate and warranted to accommodate the ongoing mediation and settlement discussions. Without an extension, the opening brief would be due on the same day as the second mediation conference, thereby requiring Ryobi Technologies to incur the time and expense of preparing the appendix and opening brief before the mediation process has had the opportunity to play out fully.

10. Second, the appellee does not oppose an extension, and is willing to agree to a 10-day extension. His objection is only as to the length of the extension.

11. Third, and with respect to the previous point, the length of the requested extension—21 days—is appropriate and reasonable. The mediator can grant up to a 30-day extension with the parties' consent. Ryobi Technologies did not ask for 30 days, but instead asked for only 21 days, which it believed to be a reasonable amount of time in light of the second mediation conference being scheduled for September 8, 2015, and the potential for there to be additional mediation conferences after that. With only a 10-day extension (i.e., to only September 18, 2015), Ryobi Technologies would still have to be preparing its opening brief and the appendix leading up to and in the period shortly after the

3

September 8 second mediation conference—and the same would certainly be the case with respect to any additional mediation conferences. In addition, the appellee would also need to be working on the joint appendix with Ryobi Technologies at the same time. The requested 21-day extension strikes a reasonable balance between the desire not to unnecessarily delay proceedings, while at the same time allowing the parties to fully explore settlement consistent with the aims of the mediation program and without potentially unnecessarily incurring time and expense of complying with briefing and appendix requirements should the case ultimately resolve.

12. Pursuant to Local Rule 27(a), counsel for the appellee has been informed of the intended filing of this motion. As indicated above, the appellee consents to extending the deadline for the opening brief, but agrees to extend it by only 10 days, as opposed to the 21 days requested.

For these reasons, appellant Ryobi Technologies, Inc. respectfully asks the Court to extend the current deadlines for the appellant's opening brief by 21 days, from September 8, 2015 to September 29, 2015.

                                        Respectfully submitted,

/s/ Robert L. Wise
Robert L. Wise (VSB No. 42030)
Davin M. Rosborough (VSB No. 85935)
BOWMAN AND BROOKE LLP
901 East Byrd Street, Suite 1650

4

Richmond, VA  23219-4027
Telephone:  (804) 649-8200
Facsimile:   (804) 649-1762
Email: rob.wise@bowmanandbrooke.com
Email:  davin.rosborough@bowmanandbrooke.com
*Counsel for Appellant Ryobi Technologies, Inc.*

## CERTIFICATE OF SERVICE

I certify that on August 19, 2015, the foregoing document was served on all parties or their counsel of record through the CM/ECF system if they are registered users or, if they are not, by serving a true and correct copy at the addresses listed below:

Richard N. Shapiro
Shapiro, Appleton & Duffan, P.C.
1294 Diamond Springs Road
Virginia Beach, VA 23455
RShapiro@hsinjurylaw.com

Robert C. Sullivan
Sullivan Law
1600 Baltimore, Suite 200
Kansas City MO 64108
rsullivan@sullivantrial.com

/s/ Robert L. Wise
Robert L. Wise (VSB No. 42030)
Davin M. Rosborough (VSB No. 85935)
BOWMAN AND BROOKE LLP
901 East Byrd Street, Suite 1650
Richmond, VA  23219-4027
Telephone:  (804) 649-8200
Facsimile:   (804) 649-1762
Email: rob.wise@bowmanandbrooke.com
Email: davin.rosborough@bowmanandbrooke.com
*Counsel for Appellant Ryobi Technologies, Inc.*